UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERI KNUCKLES-KOPCSIK,

    Plaintiff,

v.                                   CASE NO. 8:13-cv-1288-T-23JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income, alleging disability beginning on December 1, 2009. (Tr. 122–24.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on June 16, 2011, at which Plaintiff was represented by an attorney. (Tr. 31–53.) The ALJ found that Plaintiff was not disabled from December 1, 2009, through July 12, 2011, the date of the ALJ's decision. (Tr. 8–25.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

In reaching his decision, the ALJ found that Plaintiff had the severe impairments of "fibromyalgia; migraine headaches; [and] seizure disorder." (Tr. 20.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform "the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (Tr. 22.)

Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated in the attached transcript of the pronouncement of recommendation on March 4, 2014, which is incorporated herein by reference (with the slight modifications noted), and as elaborated on herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

### I. Standard of Review

As the Eleventh Circuit has stated:

> We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the ALJ's findings, we must affirm if the decision reached is supported by substantial evidence." In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. With respect to the ALJ's legal conclusions, however, our review is *de novo*.

*Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (per curiam)

(citations omitted).

## II. Discussion

### A. Plaintiff's RFC is supported by substantial evidence.

Plaintiff argues that the ALJ erred because he "found that [Plaintiff] has the severe impairment[s] of fibromyalgia, migraines, and seizures," but "the [RFC] does not take into account any limitations from any of these three severe impairments." (Doc. 23 at 14.) "Step two [of the ALJ's sequential evaluation process] is a threshold inquiry that allows only claims based on the most trivial impairments to be rejected." *Gray v. Comm'r of Soc. Sec.*, Case No. 13-11837, 2013 WL 6840288, at *1 (11th Cir. 2013) (quotations omitted). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Id.* (quotations omitted).

Severe impairments do not necessarily result in specific functional limitations. *See, e.g., Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2009) ("The ALJ determined that Castel's obesity was a severe impairment. However, the ALJ's decision reflects that Castel's obesity was ultimately determined not to result in any specific functional limitations."); *Davis-Grimplin v. Comm'r, Soc. Sec. Admin.*, Case No. 13-12472, 2014 WL 702608, at *4 (11th Cir. 2014) ("The ALJ had ample evidence on which to conclude that Davis did not have functional limitations of her hands notwithstanding that her bilateral carpal tunnel syndrome is a severe

3

impairment."). If no specific functional limitations from a severe impairment exist, the ALJ need not include a corresponding limitation for that impairment in the RFC. *See Castel*, 355 F. App'x at 263–64 (rejecting the plaintiff's argument that the ALJ erred because "even though the ALJ found her obesity to be a severe impairment, he did not specify any resulting functional limitations from such impairment.").

### 1.   Seizures

As discussed in the attached transcript, the ALJ specifically concluded that Plaintiff's seizures "do not cause significant limitations on her ability to work." (Tr. 23.) In reaching this conclusion, the ALJ noted that there was evidence that the seizures occurred less than once a month, that Plaintiff had a normal EEG, and that her medication seemed to prevent the seizures. (Tr. 23, 205, 416.) Additionally, the ALJ noted that Plaintiff was "very non-compliant" regarding her seizure treatment, and failed to attend follow-up appointments. (Tr. 23, 385, 416.) Thus, there was substantial evidence to support the ALJ's conclusion that Plaintiff's seizures, although a severe impairment, did not significantly limit her ability to work. Therefore, the undersigned recommends that the ALJ did not err regarding this aspect of Plaintiff's RFC.

### 2.   Migraine Headaches

As discussed in the attached transcript, the ALJ also adequately addressed Plaintiff's migraine headaches. He stated that Plaintiff's "definition of a migraine headache . . . appears to be subjective and not what one would typically associate

with a migraine headache." (Tr. 24.) He noted Plaintiff's testimony at the hearing where she complained of a continuous migraine headache for the past two months. (Tr. 24.) The ALJ stated that this "suggests [Plaintiff] is exaggerating her symptoms." (Tr. 24.) The ALJ also observed that "[a]lthough Dr. Dalos found the claimant did have migraine headaches, the doctor also noted that she does not have migrainous symptomatology associated with the spells." (Tr. 24, 393.) The ALJ also recognized that Plaintiff had "admitted her headaches have decreased a lot since she was put on Lyrica." (Tr. 24, 333.) Thus, there was substantial evidence to support the ALJ's conclusion that Plaintiff's migraine headaches did not specifically limit her beyond a restriction to light work. Therefore, the undersigned recommends that the ALJ did not err regarding this aspect of Plaintiff's RFC.

### 3. Fibromyalgia

As discussed in the attached transcript, the ALJ noted that Dr. Dalos found that Plaintiff's fibromyalgia was stable on medication. (Tr. 24, 417.) Additionally, the ALJ pointed out that Plaintiff's physical examination revealed that she had normal gait, strength, tone, and reflexes. (Tr. 24, 417.) Further, the ALJ did limit Plaintiff to light work, which does address Plaintiff's fibromyalgia. Therefore, the undersigned recommends that the ALJ did not err regarding this aspect of Plaintiff's RFC.

> **B.** **There is no reasonable possibility that alleged new, non-cumulative evidence cited by Plaintiff would change the administrative result.**

Plaintiff argues generally that two progress notes from Dr. Dalos dated May

24, 2011 (Tr. 451–52) and September 22, 2011 (Tr. 449–50), as well as two progress notes from Dr. Passaro dated June 3, 2011 (Tr. 444–46) and August 12, 2011 (Tr. 434–36) constitute new, non-cumulative evidence. (Doc. 23 at 15.) Plaintiff also argues that there is a reasonable possibility that this evidence would change the administrative outcome; therefore, remand is appropriate. (*Id.*) "To succeed on her claim that a remand is appropriate, [Plaintiff] must show that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (quotations omitted). "Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue." *Carroll v. Soc. Sec. Admin., Comm'r*, 453 F. App'x 889, 892 (11th Cir. 2011).

As discussed in the attached transcript, all four progress notes were submitted to and reviewed by the Appeals Council ("AC"), which concluded that such notes would not change the ALJ's decision. (Tr. 1–2.) The undersigned agrees. Moreover, the relevant period of alleged disability was from December 1, 2009, through July 12, 2011, the date of the ALJ's decision. (Tr. 18–25.) As such, Dr. Dalos's progress notes dated September 22, 2011 and Dr. Passaro's progress notes dated August 8, 2011 are outside of the relevant time period. *See Carroll*, 453 F. App'x at 892. Nevertheless, even assuming that all four notes constitute new, non-

cumulative, material, and relevant evidence, and that good cause existed for Plaintiff's failure to submit the evidence to the ALJ, there is no reasonable possibility that these notes would change the administrative result. Both of Dr. Passaro's progress notes essentially provided impressions that more testing was necessary to properly diagnose and treat Plaintiff. (Tr. 435, 445.) Both of Dr. Dalos's progress notes also provided impressions that were consistent with the medical evidence discussed and relied on by the ALJ. (*See* Tr. 23–24, 435, 445, 450, 452.) Plaintiff points to nothing specific in any of those notes to support her argument. Therefore, the undersigned recommends that remand is not necessary on this issue because there is no "reasonable possibility that [this evidence] would change the administrative result." *See Vega*, 265 F.3d at 1218.

### C. The ALJ's treatment of Dr. Passaro's June 3, 2011 progress notes does not warrant remand.

Plaintiff argues that the ALJ erred in not specifically discussing Dr. Passaro's June 3, 2011 progress notes, which were filed the day before the hearing. (Doc. 23 at 18.) "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). However, an ALJ's failure to mention specific medical evidence does not necessarily require reversal, as "any error in failing to address [a physician's] report explicitly in the ALJ's determination [is] harmless [when the physician's] observations in the report [are] consistent with the ALJ's determination."

*See East v. Barnhart*, 197 F. App'x 899, 901 n.3 (11th Cir. 2006).

As discussed in the attached transcript, Plaintiff visited Dr. Passaro 13 days prior to the hearing, and filed Dr. Passaro's progress notes the day before the hearing. (Doc. 23 at 16.) Plaintiff's counsel agreed to the exhibits that would be admitted at the hearing, which did not include Dr. Passaro's June 3, 2011 progress notes. (Tr. 34–35.)

Regardless, assuming the progress notes were properly presented to the ALJ, the undersigned recommends that the ALJ did not err in failing to specifically address them. As discussed above, these progress notes merely provided impressions that more testing was necessary to properly diagnose and treat Plaintiff. (Tr. 445.) Therefore, they arguably do not even fall within the definition of a "medical opinion" that the ALJ was required to address. *See* 20 CFR § 404.1527(a)(2) (Medical opinions . . . reflect *judgments* about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.") (emphasis added.) However, even if the progress notes do constitute a "medical opinion," the undersigned recommends that any error in failing to specifically address them was harmless because nothing in the notes was inconsistent with the medical evidence specifically addressed by the ALJ, the RFC, or the ALJ's decision. *See East*, 197 F. App'x at 901 n.3.

### D. The ALJ's determination regarding Plaintiff's credibility is supported by substantial evidence.

Plaintiff argues that the ALJ's determination that she was not fully credible is not supported by substantial evidence. "If the ALJ finds that the testimony of the claimant is not credible the ALJ must articulate the reasons for finding a lack of credibility." *Castel*, 355 F. App'x at 264. "[T]he reasons for finding a lack of credibility must be clear enough that they are obvious to a reviewing court." *Id.* at 265. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (quotations omitted). "Substantial evidence supports the ALJ's adverse credibility determination [when:] (1) the ALJ proffered specific and adequate reasons for discounting [Plaintiff's] testimony; and (2) medical records from other physicians indicated that [Plaintiff's] subjective complaints were improbable . . . ." *Id.* at 266.

As discussed in the attached transcript, the ALJ clearly articulated explicit and adequate reasons for discounting Plaintiff's credibility. First, the ALJ "did not find the claimant credible at the hearing," in part, because "[h]er allegations about her difficulties sitting and walking were vague and not supported by the record." (Tr. 23.) In fact, they "seemed to appear out of nowhere." (Tr. 23.) Substantial evidence supports this conclusion. For example, multiple records revealed that Plaintiff's gait was normal. (Tr. 319, 334, 384, 389, 417, 423, 451.) The ALJ also found that Plaintiff was "exaggerating her symptoms and impairments." (Tr. 23.) The ALJ

9

noted that Plaintiff testified at the hearing that "she presently had [a migraine headache] and had it for the past two months," which is not typical of a migraine headache. (Tr. 24.) Additionally, the ALJ pointed out that "Dr. Dalos appeared suspicious of the claimant's allegations, noting the alleged one-hour episodes are 'very atypical for seizures.'" (Tr. 23.) Therefore, the undersigned recommends that, to the extent the ALJ discounted Plaintiff's credibility, he articulated specific and adequate reasons for doing so, and this determination was supported by substantial evidence. *See Castel*, 355 F. App'x at 264–66.

### III. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the undersigned respectfully recommends that the ALJ's decision be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 17, 2014.

*Joel B. Toomey*
_____
JOEL B. TOOMEY
United States Magistrate Judge

Attachment:

Transcript of March 4, 2014
Pronouncement of Recommendation (as corrected)

Copies (w/ attachment) to:

The Honorable Steven D. Merryday
United States District Judge

Counsel of Record